IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:24cr120/MCR

RAYVAUGHN L. ANDREWS
_____/

## FACTUAL BASIS FOR GUILTY PLEA

Defendant ANDREWS admits that if this case were to proceed to trial, the government could prove the following facts:

In 2021, law enforcement initiated an investigation into the drug trafficking and money laundering activities of Rayvaughn L. ANDREWS. ANDREWS was suspected of being one of the most successful interstate drug traffickers in Escambia County, Florida. The investigation revealed that at least since early 2021, through the ending date of this indictment, ANDREWS conspired with others to distribute well over 5 kilograms of cocaine in the Northern District of Florida and elsewhere, and that he had significant gaming activity at casinos in Mississippi, as well as Nevada, that was not supported by the amount of legitimate income he reported.

For instance, in 2021, ANDREWS gambled over $4 million "cash in" at various casinos with his drug trafficking proceeds. In 2022, ANDREWS gambled over $2 million "cash in" at various casinos with his drug trafficking proceeds. In

1

2023, ANDREWS gambled over $2 million "cash in" at various casinos with his drug trafficking proceeds. In the end, during the course of the time frame charged in the indictment, ANDREWS laundered approximately $10 million of drug proceeds at casinos – drug proceeds he procured in the Northern District of Florida based upon his interstate movement of cocaine with others.

Evidence revealed that ANDREWS distributed kilogram quantities of cocaine after receiving them from his source out of Texas during this time frame. This would often be multiple kilograms at a time. Law enforcement was able to corroborate this information with electronic service provider search warrants on accounts utilized by ANDREWS. Those accounts confirmed that ANDREWS displayed images of large amounts of his drug proceeds (in the form of United States currency) as well as his Chevrolet Corvette. Images also confirmed significant amounts of gambling receipts in the hundreds of thousands of dollars. ANDREWS now admits his gambling with United States currency during this time frame was made possible by his conspiring with others to distribute cocaine. Indeed, the service provider accounts also revealed multiple communications wherein ANDREWS and his conspirators were specifically discussing the distribution of the controlled substances and the costs associated with said distribution.

ANDREWS agrees that the indictment, which is incorporated herein, is true and correct as it relates to cocaine and his money laundering activities. He agrees

that he conspired with others in the Northern District of Florida and elsewhere to distribute over 5 kilograms of cocaine. Moreover, ANDREWS agrees to laundering his drug proceeds at casinos – and he specifically acknowledges that he did so on June 29, July 28, August 6, September 11, and October 31, 2023, in the amounts charged in the indictment. And finally, ANDREWS agrees that the currency, firearm/ammunition, and vehicle listed in the Bill of Particulars in this case are drug proceeds or were derived from drug proceeds (or qualify as substitute assets).

# ELEMENTS OF THE OFFENSES

The elements of conspiracy to distribute and possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. 841(a)(1) and 846, as charged in Count One, are:

*First:* Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or possess with intent to distribute 5 or more kilograms of cocaine;

*Second:* The defendant knew the unlawful purpose of the plan and willfully joined in it; and

*Third:* The object of the unlawful plan was to distribute or possess with intent to distribute cocaine in the charged amount.

The elements of money laundering in violation of 18 U.S.C. 1956(a)(1)(B)(i), as charged in Counts Four, Twenty-Three, Twenty-Nine, Forty-One and Ninety-Four, are:

*First:* The defendant knowingly conducted or tried to conduct financial transactions;

*Second:* The defendant knew that the money or property involved in the transactions were the proceeds of some kind of unlawful activity;

*Third:* The money or property did come from an unlawful activity, specifically

*Fourth:* The defendant knew that the transaction(s) was designed, in

4

whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

_____
MARK JON O'BRIEN
Attorney for Defendant
Florida Bar No. 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
(813) 228-6989

6/26/25
Date

_____
RAYVAUGHN L. ANDREWS
Defendant

6-26-25
Date

JOHN P. HEEKIN
United States Attorney

_____
DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

6/26/25
Date

_____
JESSICA S. ETHERTON
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 0070554
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

6/26/25
Date